UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                        )
JOHN GIUDICE,                        )
                                        )
      Plaintiff,                )
                                        )
   v.                             )   C.A. No. 15-94 S
                                        )
LYNDA LAING; STRAUSS, FACTOR,  )
LAING & LYONS,                  )
                                        )
     Defendants.               )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendants' Motion for Judgment on the Pleadings ("Def.s' Mot.") (ECF No. 2). Plaintiff has not filed an opposition, and the time for doing so has passed. For the reasons that follow, the Court hereby GRANTS Defendants' motion.

Plaintiff's Complaint alleges violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") based on Defendants' filing of an entry of appearance and an answer to a counterclaim in state court, and a motion for summary disposition of Plaintiff's claims in arbitration. Plaintiff claims that "Defendants misled the Plaintiff, and indeed the Court, by taking actions as legal professionals which had been illegal for nearly three years"; that "Defendants continued to prosecute in a venue which had lost subject matter jurisdiction, posing a threat to deny the Plaintiff's right to arbitrate"; and finally,

that "Defendants acted unfairly by continuing to prosecute in a venue to which the Plaintiff was not expected or legally required to return." (Compl. ¶¶ V1a, V2a, V3a, ECF No. 1-1.)

The FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Heintz v. Jenkins, 514 U.S. 291, 299 (1995). However, Plaintiff fails to explain how any of Defendants' filings were deceptive or misleading. Instead, it appears that "Defendants were simply filing 'ordinary court-related documents' to 'preserv[e] the creditor['s] judicial remedies.'" (Defs.' Mot. 12 (quoting Heintz, 514 U.S. at 296).)

The notice of appearance was "required by state court procedure" and the answer to Plaintiff's counterclaim "was necessary under state procedures to protect Defendants' client from being defaulted." (Id. at 19.) The motion for summary disposition of Plaintiff's claims in arbitration was likewise a "legitimate effort[] to protect [Defendants'] client's remedies," as Defendants contend that Plaintiff's claims are outside the scope of the arbitration clause and barred by the statute of limitations. (Id.) Filing a motion in the arbitration proceeding was the appropriate procedure for mounting these defenses. Furthermore, even if the arbitrator denies Defendants' motion for summary disposition, that motion will not suddenly violate the FDCPA,

2

absent some evidence of an attempt to mislead. See Heintz, 514 U.S. at 296 ("[W]e do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'"); Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 820 (8th Cir. 2012) ("That the state court granted [Plaintiff] summary judgment is not evidence that [Defendant's] aggressive pursuit of Discover's unpaid account in litigation violated statutory prohibitions targeted at abusive pre-litigation practices.").[1]

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is hereby GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

/s/ W.E. Smith
William E. Smith
Chief Judge
Date: November 30, 2015

---

[1] Cf. Gionis v. Javitch, Block & Rathbone, LLP, 238 F. App'x 24, 28 (6th Cir. 2007) (law firm violated FDCPA by filing affidavit stating that defendant could recover its attorneys' fees "to the extent permitted by applicable law," where the applicable law clearly prohibited attorneys' fees for collection of consumer debt); Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 229 (4th Cir. 2007) (FDCPA applied to plaintiff's allegation that law firm's summary judgment motion falsely represented the amount of his debt and illegally sought attorney's fees).